IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RALPH L. LOPER, | ) | Civ. No. 08-00408 HG-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDING AND |
| vs. | ) | RECOMMENDATION THAT |
| | ) | DEFENDANT'S MOTION FOR |
| MICHAEL J. ASTRUE, | ) | REMAND BE GRANTED |
| Commissioner, Social Security | ) | |
| Administration | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDING AND RECOMMENDATION THAT
DEFENDANT'S MOTION FOR REMAND BE GRANTED

Before the Court is Defendant Michael J. Astrue's Motion For

Remand Pursuant to 42 U.S.C. § 405(g).  Plaintiff Ralph L. Loper filed a response,

stating he "does not object to remand for further administrative proceedings."

After careful consideration of the Motion and the parties' memoranda, the Court

RECOMMENDS that the Motion be GRANTED.

The Social Security Act requires the Commissioner of Social Security

to file, as part of his responsive pleading to Plaintiff Ralph L. Loper's complaint,

"a certified copy of the transcript of the record including the evidence upon which

the findings and decision complained of are based."  42 U.S.C. § 405(g), sentence

six.  This Court may, "on a motion of the Commissioner made for good cause

shown," remand the case to the Commissioner for further action.  Id.  "[I]t is clear that the Commissioner's inability to file a complete administrative record constitutes good cause for a sentence six remand."  Acevedo v. Barnhart, 474 F. Supp. 2d 1001, 1004 (E.D. Wis. 2007) ("Where for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot be otherwise transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record." (Quoting H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980), as reprinted in 1980 U.S.C.C.A.N. 1392, 1407)).

The Commissioner maintains that "[s]ignificant portions of the recording of the administrative hearing held on May 30, 2007, are inaudible, rendering it impossible for [him] to produce a transcript of the proceedings below as required by law."  (Motion at 2.)  Dennis V. Ford, Acting Chief of Court Case Preparation and Review, confirms that the May 30, 2007 transcript contains "numerous annotations of inaudible portions of the hearing."  (Dennis V. Ford Declaration ¶ 6(b).)  The Court therefore FINDS that good cause exists to remand this case under sentence six of 43 U.S.C. § 405(g).  See Acevedo, 474 F. Supp. 2d at 1004.  Accordingly, and absent any objection by Plaintiff, the Court RECOMMENDS that the Motion For Remand be GRANTED.

DATED:  Honolulu, Hawaii, February 2, 2009.

IT IS SO ORDERED.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Loper v. Astrue., Civ. No. 08-00408 HG-BMK; FINDING AND RECOMMENDATION THAT
DEFENDANT'S MOTION FOR REMAND BE GRANTED.