IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| RALPH L. LOPER, | ) | CV. NO. 08-00408 HG-BMK |
|---|---|---|
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | PLAINTIFF'S MOTION FOR |
| | ) | ATTORNEY'S FEES BE |
| MICHAEL J. ASTRUE, | ) | GRANTED |
| Commissioner, | ) | |
| Social Security Administration | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES BE GRANTED

Before the Court is Plaintiff Ralph L. Loper's Motion for Attorney's Fees. (Doc. # 25.) After careful consideration of the motion, the supporting memorandum, and the attached documentation, the Court FINDS and RECOMMENDS that Plaintiff's Motion for Attorney's Fees be GRANTED.[1]

BACKGROUND

On September 9, 2008, Plaintiff filed a complaint seeking judicial review of a decision filed by the Commissioner of Social Security. (Doc. # 1.)

---

[1] Pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court elects to decide this matter without a hearing.

Defendant Commissioner Michael J. Astrue filed a motion to remand the case for further administrative proceedings pursuant to 42 U.S.C. § 405(g) sentence six, because the recording of the administrative proceedings was not intelligible. (Doc. # 17 at 2.) Plaintiff did not oppose the motion to remand, and the Court issued a Findings and Recommendation to grant the motion to remand. (Doc. # 21.) On March 4, 2009, the Findings and Recommendation were adopted by the District Court. (Doc. # 23.)

On remand, the Plaintiff obtained a fully favorable decision, awarding him $70,821.00 in past due benefits. (Doc. # 25 at 2, & Exs. A, B). Plaintiff then filed the instant motion for fees in this court, asserting that Plaintiff counsel's request of $6,725.00 for attorneys' fees is reasonable. (Id. at 2, 16.) Defendant did not oppose this motion.

DISCUSSION

Plaintiff has moved for $6,725.00 in attorneys fees for Harvey P. Sackett, who has represented Plaintiff in these proceedings. 42 U.S.C. § 406(b)(1)(A) provides that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security

may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Section 406(b) "calls for court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). As indicated by Section 406(b), an agreement allowing more than twenty five percent of the past due benefits is not permissible. Id. The attorney for the successful party must demonstrate the reasonableness of the fee request, and "[f]actors to be considered in determining reasonableness include the attorney's risk of loss, the character and result of representation, whether delays are attributable to the attorney, and the attorney's hours spent representing the client coupled with the attorney's normal hourly billing rate in the context of non-contingent cases." Dulatre v. Astrue, Civ. No. 03-00653 DAE-KSC, 2010 WL 26537, at *2 (D. Haw. 2010) (citing Gisbrecht, 535 U.S. at 805, 808).

In this case, the Court FINDS and RECOMMENDS that Plaintiff's Motion for Attorney's Fees be GRANTED. The Court may award fees under §

406(b) because "the district court remanded the case for further proceedings and Plaintiff received past-due benefits as a result." Id.

After evaluating the relevant factors, the Court concludes that the fees requested are reasonable. The contingent fee arrangement appears reasonable on its face because it complies with the twenty-five percent cap established in § 406(b)(1)(A). (Doc. # 25, Ex. C.)

Furthermore, the fees requested in this case are reasonable. The administrative decision resulted in an award of $70,821.00 in past due benefits. (Doc. # 25 at 2.) Mr. Sackett requests $6,725.00 in attorneys' fees, which does not exceed twenty five percent of the past due benefits. In social security cases, plaintiffs prevail only about thirty five percent of the time. Dulatre, 2010 WL 26537, at *3. Mr. Sackett assumed some risk of loss from taking the case on contingency basis, which helps justify his fee request.

It also appears that Mr. Sackett provided effective and efficient representation based on the award of $70,821.00 in past due benefits on remand. The Court sees no reason to reduce the requested fee for inadequate representation.

Delays caused by counsel also can warrant a reduction in fees so that "the attorney will not profit from the accumulation of benefits during the pendency of the case in court." Gisbrecht, 535 U.S. at 808. There is no evidence in the

record of undue delay.

Finally, Courts evaluate the hours the attorney expended and the attorney's normal billing rate in non-contingent fee cases. Id. Mr. Sackett expended 13.45 hours representing Plaintiff. (Doc. # 25, Ex. E). An award of $6,725.00 in attorneys' fees results in an hourly rate of $500 for Mr. Sackett. Mr. Sackett has represented that his non-contingent hourly billing rate is between $350 to $400 per hour. (Id. at 13.) He has approximately thirty four years of experience and has practiced social security law exclusively since 1980. (Id.) Additionally, Mr. Sackett has produced evidence that attorneys in Honolulu with his level of experience charge between $285 and $399 per hour in non-contingent fee cases. (Id. at Ex. F.) Although Mr. Sackett's effective hourly rate in this case eclipses his non-contingent hourly rate and that of attorneys in Honolulu with his level of experience, the risk of loss in social security cases makes Sackett's effective rate of $500 per hour reasonable. See Dulatre, 2010 WL 26537, at *3 (collecting cases awarding fees at an effective rate between $350 to $1,433 per hour and stating that "courts regularly approve high effective rates resulting from contingency agreements that exceed non-contingent rates, and in some instances significantly

so."). Based upon the relevant factors, the Court concludes that Mr. Sackett's requested fee is reasonable.

## CONCLUSION

For the foregoing reasons, the Court FINDS and RECOMMENDS that Plaintiff's Motion for Attorney's Fees be GRANTED, and that Mr. Sackett be awarded $6,725.00 in attorneys' fees.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: February 28, 2012

RALPH L. LOPER V. COMMISSIONER MICHAEL J. ASTRUE; CV. NO. 08-00408 HG-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR ATTORNEY'S FEES BE GRANTED